UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIBAO LIN,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No.:  26-cv-807-JO-DEB<br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS** |

1

26-cv-807-JO-DEB

For the reasons stated in the Court's minute order [Dkt. 11], the Court GRANTS the habeas petition [Dkt. 1], VACATES the February 26, 2026 hearing, and ORDERS as follows:

1. By March 4, 2026, Respondents shall provide Petitioner with an individualized bond hearing before a neutral immigration judge where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that cannot reasonably be addressed by bond or conditional release. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). Respondents shall not deny Petitioner bond on the basis that (i) 8 U.S.C. § 1225(b) requires or authorizes mandatory detention; or that (ii) BIA precedent deprives the immigration judge of jurisdiction to decide bond. The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

2. If no hearing occurs by March 4, 2026, Respondents shall release Petitioner from custody by 5 p.m. on March 5, 2026.

3. Respondents shall file a declaration by 5 p.m. on March 6, 2026 stating (i) the outcome of any bond hearing conducted pursuant to this order, *i.e.*, denial of bond, the bond amount set, or other release conditions; or (ii) if no bond hearing was conducted, confirming that Petitioner has been released.

4. Because the Court has concluded that Petitioner's detention without a bond hearing has surpassed constitutional limits, Respondents are further enjoined from redetaining Petitioner during the pendency of his removal proceedings without first providing a bond hearing as set forth above. *See Boumediene v. Bush*, 553 U.S. 723, 779–80 (2008) (while habeas relief commonly includes reprieve from physical imprisonment, "depending on the circumstances, more [relief] may be required"); *Rodriguez v. Hayes*, 591 F.3d 1105, 1117 (9th Cir. 2010) (holding that petitioner's release–-revocable at the government's

discretion–-did not provide complete relief where petitioner sought a legal ruling that he could only be redetained upon a bond hearing); *Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005) (despite release, petitioner's habeas claim challenging the statutory authority for his detention "continue[d] to present a live case or controversy" because the court could provide relief to prevent redetention on the same allegedly unlawful basis).

5. Respondents shall file a declaration attesting to full compliance with these obligations **at least 48 hours prior** to any redetention of Petitioner.

6. Petitioner's motion for appointment of interpreter is DENIED as moot. [Dkt. 8]

7. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  February 25, 2026

_____
Honorable Jinsook Ohta
United States District Judge

3

26-cv-807-JO-DEB