UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

QIBAO LIN,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

Case No.: 26-cv-807-JO-DEB

**AMENDED ORDER GRANTING THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed an amended petition for writ of habeas corpus alleging that his bond hearing violated due process. Dkt. 15. When reviewing a due process challenge to a bond determination, the Court evaluates the Immigration Judge's ("IJ") conclusion for an abuse of discretion. *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024). Under an abuse of discretion standard, the Court does not reweigh the evidence or substitute its judgment for the IJ's on factual matters. *Id.* at 785. Rather, the Court asks whether the IJ "applied the correct legal standard," *see id.*, and whether the IJ's application of the facts to that standard "were illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009).

An IJ must state the reasons for their finding and "show proper consideration of all factors when weighing equities and denying relief." *Watkins v. INS*, 63 F.3d 844, 849 (9th Cir.1995). Unsupported conclusions are insufficient to demonstrate flight risk, especially in face of "strong evidence to the contrary." *Id.* Further, evidence that is merely "equivocal" or "common to all detainees" fails to meet the standard. *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011).

For the reasons stated on the record at oral argument on April 17, 2026, the Court concluded that the IJ abused her discretion in denying bond, granted the amended petition for writ of habeas corpus, and ordered Petitioner's immediate release. Dkts. 26, 27. The Court now ORDERS as follows:

1. The Court ENJOINS Respondents from redetaining Petitioner during the pendency of his removal proceedings without first providing an individualized bond hearing before a neutral immigration judge where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that cannot reasonably be addressed by bond or conditional release. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). Respondent shall not deny Petitioner bond on the basis that (i) 8 U.S.C. § 1225(b) requires or authorizes mandatory detention; or that (ii) BIA precedent deprives the immigration judge of jurisdiction to decide bond. The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). The bond hearing shall be transcribed.
2. Respondents shall file a declaration attesting to full compliance with these obligations. Respondents are ENJOINED from redetaining Petitioner until 48

hours after filing the declaration.

3. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: August 18, 2026

Honorable Jinsook Ohta
United States District Judge